IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


NOAH BORDOLO,

      Petitioner,

v.                                                         CIV 08-1099 BB/KBM

ROBERT EZELL,

      Respondent.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

      THIS MATTER is before the Court on Respondent's expedited response and Petitioner's expedited reply to alien Noah Bordolo's petition under 28 U.S.C. § 2241. Petitioner seeks immediate release to the community under supervised release from the custody of Immigration and Customs Enforcement ("ICE") for its failure to deport him within six months of February 12, 2008 – the date he was taken into custody. In his petition, Bordolo maintains that the delay in deportation is presumptively unreasonable under *Zadvydas v. Davis,* 533 U.S. 678 (2001) and argues that there is no significant likelihood that he will be removed to Liberia in

the reasonably foreseeable future.

At the status conference where I granted the United States additional time to respond, I stressed Petitioner's allegation that he is not a danger to the community. Respondent's brief does not contradict those assertions. There is a reference, however, in the September 2008 ICE "Decision to Continue Detention" that Bordolo is considered a flight risk as he was apprehended "after absconding for approximately 5 years." *Doc. 10* at Exh. 4.

The United States submitted the sworn declaration testimony of Dana Day who is a Detention and Deportation Officer in the Travel Document Unit with the Headquarters Office of Detention and Removal Operations of ICE. *Doc. 10* at Exh. 6. Officer Day reports that he personally attended the Liberian Embassy interview of Bordolo on July 13, 2008 at which time the Liberian representative found that Petitioner's passport had expired and needed to be renewed. Just two weeks ago, the United States approved a special request by the Liberian government that Bordolo be removed to Liberia by commercial flight given his prior governmental position. *Id.*

Thus, deportation efforts with Liberia are well underway, and all that is apparently lacking is Liberia's issuance of the passport. Officer Day expects that "a travel document is forthcoming within weeks." *Id.* at ¶7. Therefore it appears that the United States is and has been making reasonable efforts with the Liberian

2

Government to effect the deportation in a timely manner. However, the long delay associated with renewal of Petitioner's passport by the Liberian government provides little assurance that removal is significantly likely in the reasonably foreseeable future. Therefore, I recommend that the writ be conditionally granted.

Wherefore,

IT IS HEREBY RECOMMENDED that the writ be conditionally granted as follows – either Petitioner be removed by January 19, 2009 or presiding District Judge Black hold a hearing to determine if conditions of release are appropriate.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE